**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

CIVIL ACTION NO. 17-40-DLB

RICHARD McBEE                                                                      PLAINTIFF

VS.                  **MEMORANDUM OPINION AND ORDER**

CAMPBELL COUNTY
DETENTION CENTER, et al.                                     DEFENDANTS

\*\*\*    \*\*\*    \*\*\*    \*\*\*

In 2016, Plaintiff Richard McBee filed a *pro se* civil-rights complaint in this Court asserting over a dozen claims, loosely related to the ongoing criminal prosecution against him and to the conditions of his confinement at the Campbell County Detention Center. (Doc. # 1); *see also McBee v. Campbell County Detention Center*, No. 2:16-cv-57-WOB (E.D. Ky. 2016) (Doc. # 11 therein). The Court conducted an extensive preliminary review of McBee's Complaint and determined that he improperly alleged multiple distinct claims against several different defendants in one case. (Doc. # 3). The Court dismissed a number of McBee's claims and then severed his remaining claims from his Complaint and directed the Clerk of the Court to open new civil actions in which those unrelated claims could be resolved. *See id.* This case is one of those new civil actions, and it involves only the sixth, eighth, tenth, and eleventh claims asserted in the Complaint. Specifically, in this action, McBee alleges that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. (Doc. # 1 at 17-23).

1

The Court, however, will dismiss this action without prejudice because McBee has failed to fully exhaust his administrative remedies.[1] Indeed, McBee repeatedly indicates in his Complaint and in his attached submissions that he did not exhaust his administrative remedies. (Doc. # 1 at 34-35). Although McBee attempts to minimize this fact by suggesting that he was "technically" unable to exhaust his administrative remedies, (Doc. #1 at 35), the Sixth Circuit has held that the exhaustion requirement is a strong one and that it is proper for a district court to dismiss the complaint when the plaintiff fails to comply with that requirement. See *Napier v. Laurel Cty., Ky.,* 636 F.3d 218, 222 (6th Cir. 2011).

To be sure, McBee offers a number of explanations for why he did not exhaust his administrative remedies. However, none of those reasons excuse his failure to comply with the exhaustion requirement. For example, when McBee was specifically asked why he did not file a grievance, he said that prison officials would not give him the necessary forms. (Doc. # 1 at 34). But McBee acknowledges in his Complaint that prison officials *did* provide him with a grievance form earlier in the year. *Id.* at 34, 36. Even if it is true that those officials did not provide McBee with the eleven copies of the form he requested, the Sixth Circuit has noted that a plaintiff's allegation that prison officials refused to give him grievance forms is not enough to excuse the exhaustion requirement. See *Belser v. James*, No. 16-2578, 2017 WL 5479595, *2 (6th Cir. 2017). Plus, McBee does not allege in any clear way that he tried to file a grievance using another piece of paper; instead, he admits he did not exhaust his administrative remedies and accuses prison officials of,

---

[1] Although a "prisoner's failure to exhaust administrative remedies is an affirmative defense that ordinarily should not be raised by the court *sua sponte*," a "*sua sponte* dismissal may be appropriate where the prisoner's failure to exhaust is obvious from the face of the complaint." *Barnett v. Laurel Cty., Ky.*, No. 16-5658, 2017 WL 3402075, *1 (6th Cir. Jan. 30, 2017) (citing *Jones v. Brock*, 549 U.S. 199, 211-215 (2007)). This is such a case.

among other things, using "mind games." (Doc. # 1 at 35). That is not enough to overcome the exhaustion requirement.

McBee also claims the Detention Center "does not have a coherent grievance policy," and complains that prison officials do not hold an orientation with inmates to discuss the pertinent grievance procedures. *Id.* However, the Sixth Circuit has rejected similar arguments and held that a prisoner's "failure to exhaust cannot be excused by his ignorance of the law or the grievance policy." *Napier*, 636 F.3d at 221 n.2 (6th Cir. 2011). Thus, there is no merit to McBee's claims regarding his lack of knowledge of the applicable grievance policies.

Finally, McBee claims that the Detention Center's grievance procedures are "arbitrary" and "arbitrarily applied." (Doc. # 1 at 35). But McBee does not explain these statements in any meaningful way, nor does he allege that he was preventing from pursuing grievances up the chain of command within the prison. As the Sixth Circuit has recognized, a prisoner is required to exhaust his administrative remedies even if he subjectively believes a remedy is not available and even when he believes the procedures are "ineffectual or futile." *Barnett*, 2017 WL 3402075, at *3 (citing *Napier*, 636 F.3d at 222).

Put simply, McBee's failure to exhaust, or even attempt to exhaust, his administrative remedies is apparent from the face of his Complaint, and for that reason, the Complaint must be dismissed. Accordingly,

**IT IS ORDERED** as follows:

(1) Plaintiff Richard McBee's Complaint (Doc. # 1 at 17-23, Claims 6, 8, 10, and 11) is **DISMISSED WITHOUT PREJUDICE**;

3

(2) This action is **STRICKEN** from the Court's active docket; and

(3) A corresponding judgment will be entered contemporaneously herewith.

This 6th day of January, 2018.



Signed By:
David L. Bunning
United States District Judge

K:\DATA\ORDERS\ProSe\McBee 17-40-DLB Memorandum WHM.docx